# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY O. MCINTOSH,<br><br>Petitioner,<br><br>v.<br><br>STEVE LAKE,<br><br>Respondent. | Case No. 1:19-cv-00152-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ORDER DENYING PETITIONER'S MOTION REQUESTING INVESTIGATION<br><br>(ECF No. 6) |

Petitioner Rodney O. McIntosh is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the instant petition, Petitioner challenges the sentence imposed by the United States District Court for the District of Kansas. As this Court does not have jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e), the undersigned recommends dismissal of the petition.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, serving a 144-month sentence imposed by the United States District Court for the District of Kansas for eight counts of forcibly assaulting a federal employee. (ECF No. 1 at 1–2).[1] Petitioner alleges that he filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

correct his sentence, but that the Tenth Circuit "has not provided [Petitioner] a meaningful opportunity to have his case and trial conviction reviewed." (Id. at 1).

On February 4, 2019, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Petitioner asserts that his sentence is a miscarriage of justice and that § 2255 is ineffective to challenge the validity of his sentence. (ECF No. 1 at 1). On March 6, 2019, Petitioner filed a motion requesting an investigation. (ECF No. 6)

## II.

## DISCUSSION

### A. Jurisdiction Under 28 U.S.C. § 2241

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Thus, a district court must address the threshold question whether a petition was properly brought under § 2241 or § 2255 in order to determine whether the district court has jurisdiction. Id. A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id.

The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). With respect to the first requirement, in the Ninth Circuit a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

The Ninth Circuit has "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch." Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012). In Marrero, the Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Id. at 1195. The Marrero court also discussed, but did not endorse, the following exceptions recognized in other circuits to the general rule that a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement:

> First, some courts have held that a petitioner may be actually innocent of a sentencing enhancement if he was *factually* innocent of the crime that served as the predicate conviction for the enhancement. Second, some courts have suggested that a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible. And third, some courts have left open the possibility that petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation.

Marrero, 682 F.3d at 1194–95 (citations omitted).

Regardless, even if a petitioner may assert a cognizable claim of actual innocence of a noncapital sentence, Petitioner has failed to do so here. In the petition, Petitioner challenges his

3

144-month sentence on the basis that it exceeds both the Guideline range of 70 to 87 months and the eight-year statutory maximum because 48 months of Petitioner's 96-month sentence on count 9 is to be served consecutively to the other counts. (ECF No. 1 at 2–3). However, after United States v. Booker, 543 U.S. 220 (2005), "the Guidelines are advisory only." Hughes v. United States, 138 S. Ct. 1765, 1772 (2018). And "[i]f multiple terms of imprisonment are imposed on a defendant at the same time . . . the terms may run concurrently or *consecutively*[.]" 18 U.S.C. § 3584(a) (emphasis added).

With respect to the second requirement, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." Ivy, 328 F.3d at 1060. In determining whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008) (quoting Ivy, 328 F.3d at 1060–61).

Here, Petitioner asserts that the alleged error was not raised by court-appointed counsel, resulting in a procedural bar and causing Petitioner prejudice. (ECF No. 1 at 1, 4). However, Petitioner's assertion fails to establish that the *legal* basis for his claim arose only after he had exhausted his direct appeal and first § 2255 motion or that there was a relevant change in the law that occurred after Petitioner's first § 2255 motion.

Based on the foregoing, the Court finds that Petitioner has not satisfied the two requirements to bring a § 2241 habeas petition under the savings clause of § 2255(e). Therefore, this Court lacks jurisdiction over the instant petition, and the petition should be dismissed.

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. This provision applies to habeas petitions. See Hernandez, 204 F.3d at 865 n.6 (noting that § 1631 allows transfer of habeas petition to cure want of jurisdiction). "Transfer is

appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) (citing Kolek v. Engen, 869 F.2d 1281, 1284 (9th Cir. 1989)).

As noted above, Petitioner states that he previously filed a § 2255 motion. (ECF No. 1 at 1). Thus, the United States District Court for the District of Kansas would not have jurisdiction to entertain a "second or successive" § 2255 motion unless Petitioner first obtained authorization from the Court of Appeals. 28 U.S.C. § 2255(h); United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009). Accordingly, the Court concludes that transfer would not be appropriate in this instance because the transferee court could not have exercised jurisdiction at the time this action was filed.

**B. Motion Requesting Investigation**

Petitioner has filed a motion to request an investigation of crimes involving of government officers and employees pursuant to 28 U.S.C. § 535(b). Petitioner claims his life and liberty are in peril. Specifically, Petitioner seeks an interview with a Federal Bureau of Investigation ("FBI") agent to orally address his issue. (ECF No. 6). Section 535 provides in pertinent part:

> (a) The Attorney General and the Federal Bureau of Investigation may investigate any violation of Federal criminal law involving Government officers and employees—
>
> (1) notwithstanding any other provision of law; and
>
> (2) without limiting the authority to investigate any matter which is conferred on them or on a department or agency of the Government.
>
> (b) Any information, allegation, matter, or complaint witnessed, discovered, or received in a department or agency of the executive branch of the Government relating to violations of Federal criminal law involving Government officers and employees shall be expeditiously reported to the Attorney General by the head of the department or agency, or the witness, discoverer, or recipient, as appropriate, unless—
>
> (1) the responsibility to perform an investigation with respect thereto is specifically assigned otherwise by another provision of law; or

5

> (2) as to any department or agency of the Government, the
> Attorney General directs otherwise with respect to a specified
> class of information, allegation, or complaint.

28 U.S.C. § 535(a)–(b).

The motion does not appear related to the petition pending in this case, but rather Petitioner's concerns regarding his safety.[2] Petitioner's motion will be denied. Generally, the Court does not contact the FBI on behalf of parties. Moreover, § 535 specifies that the FBI "*may* investigate any violation of Federal criminal law involving Government officers and employees," 28 U.S.C. § 535(a) (emphasis added), and does not provide for the Court to compel the FBI to exercise its discretion and conduct such an investigation. See Balawajder v. Russoniello, 872 F.2d 426 (9th Cir. 1989) (unpublished) ("Similarly, 28 U.S.C. § 535 states that the FBI *may* investigate violations of title 18, leaving the decision to investigate within the FBI's discretion. Mandamus will not issue to compel the United States Attorney and the FBI to perform these discretionary responsibilities.").

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

Further, the Court HEREBY ORDERS that Petitioner's motion requesting investigation (ECF No. 6) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28

---

[2] Petitioner declines to make specific allegations in writing because he fears this "can cause him prejudice by unlawful use of force." (ECF No. 6).

U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 11, 2019**     /s/ *Eric P. Grosjean*
UNITED STATES MAGISTRATE JUDGE